## MATTER OF SUH

### In VISA PETITION Proceedings

### A-13003502

*Decided by Regional Commission November 6, 1962*

The petitioner and spouse have not established that they will properly care for the beneficiary-child, as defined in section 101(b) (1) (F), pursuant to section 205(b), Immigration and Nationality Act, as amended, since they have 2 minor daughters of their own, the petitioner has no steady employment, his wife is employed as night superintendent at a hospital working from 11:00 PM to 7:00 AM, and petitioner, who was discharged from the United States Army in 1944 under other than honorable conditions, has a long record of arrests and convictions, the last of which was in 1961.

This case is on certification from the District Director, Seattle, Washington, who denied the petition on the ground that it has not been established that the petitioner and spouse are able to care for the child properly if the child is admitted to the United States.[1]

The petitioner works as a handyman and house painter, but he has no steady employment. He earned approximately $850.00 during the first eight months of 1962. His spouse is night superintendent of nurses at Northgate General Hospital, Seattle, and earns $440 a month. Her hours of employment are from 11:00 PM to 7:00 AM. They have two daughters of their own, who are 10 and 15 years of age. It is stated that one of the parents is always at home to care for the children.

The petitioner was discharged from the United States Army on May 5, 1944, under conditions other than honorable, because of chronic alcoholism. While in the army he was convicted four times by courts-martial for such things as being drunk in quarters and for being AWOL. He has a long arrest record. He was arrested and convicted of larceny in Seattle twice in 1958 and once in 1959, and was sentenced to serve 60 days in jail the first time and 90 days in jail the second and third times. He was arrested and fined or sentenced to jail numerous

---

[1] Section 205(b), Immigration and Nationality Act, as amended.

624

times in Washington, Oregon, and California for being drunk. The last time was on May 17, 1961.

On the basis of the record in this case it must be concluded that the petitioner and his spouse have failed to establish that the orphan will be cared for properly if admitted to the United States. Accordingly the denial of the petition was proper and the appeal will be dismissed.

**ORDER:** It is ordered that the decision of the District Director be affirmed.